# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2019

Lyle W. Cayce
Clerk

No. 17-20619
Summary Calendar

ALEXANDER BALDOMINO,

Plaintiff-Appellant

v.

WILLIAM STEPHENS; OFFICER GONZALES; OFFICER RAPHER; THE ATTORNEY GENERAL OF TEXAS; LINDA RATHMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3683

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Alexander Baldomino, Texas prisoner # 1384749, appeals the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that correctional officers in his prison unit failed to protect him from an attack by another inmate and that the then Texas Department of Criminal Justice, Criminal Institutions Division Director Williams Stephens did not adequately supervise the officers.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20619

He also argued that he was denied sufficient medical care for the injuries that he sustained in the attack and that officers lost his personal property while he was being transferred to a medical facility.

The district court dismissed the claims against Stephens with prejudice for failure to state a claim upon which relief can be granted. The district court found that Stephens was not personally involved in any alleged constitutional violation and could not be responsible based on a theory of supervisory liability. The district court dismissed the claims as to Officer Rapher without prejudice for failure to effect service of process. The remaining defendants were granted summary judgment on the basis that Baldomino did not properly exhaust his administrative remedies. The district court ordered that the § 1983 complaint be dismissed with prejudice.

On appeal, Baldomino does not challenge the district court's conclusions that his claims against Stephens did not state a claim upon which relief can be granted and that his allegations as to Officer Rapher were subject to dismissal without prejudice for failure to effect service of process. Therefore, Baldomino has abandoned any such arguments. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Baldomino does contest the district court's determination that he did not properly exhaust his administrative remedies. He maintains that he filed the grievances required to complete the grievance process, but the grievances were misplaced, improperly reviewed, or not processed. We review the dismissal for failure to exhaust administrative remedies de novo. *See Dillon v. Rogers*, 596 F.3d 260, 273 (5th Cir. 2010).

The competent summary judgment evidence, which Baldomino failed to rebut, supported that Baldomino did not file a step-two grievance – as required by the process in place in the Texas prison system – and, thus, did not properly

2

No. 17-20619

exhaust his administrative remedies. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). His conclusory contention that his grievances were misplaced or ignored does not refute the absence of evidence that he filed a step-two grievance and fails to establish a genuine factual issue for trial. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010); FED. R. CIV. P. 56(a), (c). His claim that he could not properly exhaust his remedies because a first-step grievance was returned as unprocessed is unavailing. That grievance, which did not comply with the procedural rules and could not be used to satisfy the exhaustion requirement, *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006), was ultimately processed under a different grievance number after Baldomino's allegations were determined to merit an investigation. After he received a response to the grievance, he failed to follow the grievance process to its conclusion. He has not contended that he was unfamiliar with the process or did not receive an offender handbook, which detailed the process. Thus, the district court did not err in concluding that his claims were not exhausted and that the defendants were entitled to summary judgment. *See Dillon*, 596 F.3d at 265; FED. R. CIV. P. 56(a).

Therefore, the judgment of the district court is AFFIRMED. Baldomino's motion for leave to attach documents to his brief is DENIED.